IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Allen Findley,<br><br>          Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections,<br><br>          Defendant. | C/A No.: 1:23-1915-RMG-SVH<br><br><br><br>ORDER AND NOTICE |

Darrel Allen Findley ("Plaintiff"), proceeding pro se, filed this complaint against South Carolina Department of Corrections ("Defendant" or "SCDC"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff's complaint states he is suing based on "Violation of Civil Rights from 03/27/18 till release, Retaliatory transfers, violation of church and state law, overexposure to gamma radiation, cruel and unusual punishment . . . ." [ECF No. 1 at 2]. He also alleges a criminal conspiracy through false mental health diagnosis. *Id.* He seeks one million dollars in damages. *Id.*

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by

2

a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

1.   Failure to Meet Pleading Requirements for Complaint

Plaintiff has failed to meet the minimal standards for the filing of a complaint. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff provided a short, plain statement, but his statement does not show he is entitled to relief. *See* ECF No. 1. Plaintiff

makes only conclusory allegations of violations of the law, but provides no factual allegations to support these conclusions. Although Plaintiff states the relief sought, he does not provide a basis for such relief. *Id.* For the foregoing reasons, Plaintiff's complaint is subject to summary dismissal for failure to meet the minimal requirements for the filing of a complaint.

        2.     SCDC is Not a Person

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."

Plaintiff has not stated a valid § 1983 claim against SCDC, as it does not qualify as a "person." A sheriff's department, detention center, or task force is

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

4

a group of officers or buildings that is not considered a legal entity subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions). Therefore, Plaintiff's complaint is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **June 14, 2023**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the

district court that the claims specified above be dismissed without leave for further amendment.

    IT IS SO ORDERED.

May 24, 2023                                          Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge